UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BAYBUTT CONSTRUCTION CORPORATION,<br>    Plaintiff<br><br>v.<br><br>J. STEWART ROBERTS ASSOCIATES, INC.<br>    Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 04-10870-MLW |

**MOTION FOR LEAVE TO AMEND COMPLAINT**

NOW COMES Baybutt Construction Corporation, through its undersigned counsel, and moves the Court pursuant to F.R.C.P. 15(a) for leave to file an amendment to its Complaint in this action, asserting a claim against the defendant for breach of contract. Plaintiff could not have earlier asserted this contract claim because it has just been acquired by assignment from the Town of Boxford, pursuant to a settlement of <u>Baybutt Construction Corp. v. Town of Boxford,</u> No. 04-10608-MLW.

Rule 15(a) provides that "leave shall be freely given when justice so requires." That is the case here. No prejudice will befall the defendant if this amendment is allowed, for three reasons:

First, if the amendment is *dis*allowed, Baybutt would bring a separate action to assert these contract claims, and would promptly seek consolidation with this action. Any defenses which could be raised to that separate action can be raised as well here, if the amendment is allowed. So, defendant can gain nothing by resisting the amendment, and loses nothing by its allowance.

Second, no new "facts" are being injected into this action. The new claim arises out of the exact same contract that defendant's Answer, at ¶3, already concedes exists. The alleged breaches of contractual duty owed by defendant to the Town of Boxford – to which claims by the Town, Baybutt has now succeeded – are also alleged breaches of duty in tort that have already been asserted against defendant by Baybutt. The parties have already engaged in discovery concerning all of the facts at issue, and no additional discovery from either side should be needed as a result of the addition of a contract theory of recovery. Nevertheless, if any discovery is needed by defendant on the new contract claim (however difficult that may be to imagine, given that all of the facts at issue in this new contract claim are *already* at issue in the present lawsuit), Baybutt will assent thereto.

Lastly, even if they did not relate back to the date of the Complaint in this action (Baybutt believes that they *do* relate back), the contract claims asserted by this amendment would be timely brought. The contract between defendant and the Town of Boxford provides in Paragraph 1.3.7.3 that "Causes of action between the parties to this Agreement pertaining to acts or failures to act shall be deemed to have accrued and the applicable statutes of limitations shall commence to run not later than either the date of Substantial Completion for acts or failures to act occurring prior to Substantial Completion or the date of issuance of the final Certificate for Payment for acts or failures to act occurring after Substantial Completion." Substantial Completion occurred here in January of 2004 – two and a half years ago. Whether the limitations period is three years or six (another matter in dispute), the statute has not run. (Of course, defendant is free to test the timeliness of these claims by an appropriate motion to dismiss, if it so chooses.)

  Before denying a motion to amend, the Court must be able to find a valid reason to support the denial, such as undue delay, bad faith, dilatory motive on the part of the movant, or futility of the amendment.  *See* Grant v. News Group Boston, Inc., 55 F.3d 1, 5 (1st Cir. 1995) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).  Ours is not a case where the amendment "would be futile, or reward, *inter alia*, undue or intended delay."  Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004).  Certainly ours is not a case where the timing of the motion "prejudices the opposing party by 'requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy . . .'"  Id. (*quoting* Acosta-Mestre v. Hilton Int'l of P.R., Inc., 156 F.3d 49, 52 (1st Cir. 1998)).  Amendments have been allowed later than this one; *see* Vargas v. McNamara, 608 F.2d 15, 19 (1st Cir. 1979) (amendment appropriate after trial had begun).  In short, efficiency and fairness both counsel allowing this amendment.

  The proposed amendment is appended.

            Respectfully submitted,

            Baybutt Construction Corporation
            By its attorney,

             /s/ Frank P. Spinella, Jr.
Date:  July 5, 2006     Frank P. Spinella, Jr.
            HALL, MORSE, ANDERSON,
            MILLER & SPINELLA, P.C.
            14 Centre Street, P. O. Box 2289
            Concord, NH 03302-2289
            (603) 225-6655

CERTIFICATE OF SERVICE

I certify that a copy of the within Motion has been served electronically on Jeffrey Alitz, Esq., counsel for defendant.

/s/ Frank P. Spinella, Jr.