UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BAYBUTT CONSTRUCTION CORPORATION,<br>    Plaintiff<br><br>v.<br><br>J. STEWART ROBERTS ASSOCIATES, INC.<br>    Defendant | No. 04-10870-MLW |

# AMENDMENT TO COMPLAINT

## COUNT VI (BREACH OF ASSIGNED CONTRACT)

39.   Baybutt repeats and incorporates by reference the allegations of paragraphs 1 through 38 above.

40.   The contract between JSR and Boxford obligated JSR to "use that degree of care and skill ordinarily exercised under similar circumstances by competent members of the design profession practicing in Massachusetts" and to provide plans and specifications "with professional and technical accuracy. . . in accordance with generally accepted standards of professional practice" and in compliance with "all applicable laws, statutes, ordinances, by-laws, codes, rules and regulations" pertaining to the Project, so as to design the Project in a manner which, if followed by the contractor, would produce a habitable building.

41. JSR failed to furnish an adequate design comporting with the foregoing promises, in at least the following respects:

(a) failure to design a fire pump vault which was code compliant;

(b) failure to furnish drawings and specifications which, if followed by the contractor, would prevent rain water from leaking into the building;

(c) failure to furnish drawings and specifications which, if followed by the contractor, would prevent precast cornices from separating from adjacent concrete walls;

(d) failure to furnish drawings and specifications which, if followed by the contractor, would prevent heating imbalances from room to room in the building.

42. As a result of the foregoing breaches, Boxford has issued change orders on a "time and material" basis to Baybutt to (a) remove and reinstall the fire pump vault; (b) address leaks in Room 106; (c) address heating imbalances.

43. In addition, defects in the design of the fire pump vault resulted in delays in substantial completion of the project, forcing Boxford to incur additional costs for space for its municipal facilities.

44. As a result of these change orders and as a result of extra costs incurred by Baybutt due to deficiencies in design which did not result in formal change orders, Boxford has already incurred liability to Baybutt culminating in a judgment in the amount of $263,000, and will incur additional liability to Baybutt

2

for its "time and materials" to address the leaks in Room 106 and the heating imbalances referred to above.

     45.    JSR, by contract, has an obligation to indemnify Boxford from any and all claims, costs or expenses on account of the foregoing.

     46.    Baybutt has been assigned by Boxford all of Boxford's aforesaid contract claims against JSR, with authority to prosecute same in its own name.

                                  Respectfully submitted,

                                  Baybutt Construction Corporation
                                  By its attorney,

                                  /s/ Frank P. Spinella, Jr.
Date:  July 5, 2006              Frank P. Spinella, Jr.
                                  HALL, MORSE, ANDERSON,
                                  MILLER & SPINELLA, P.C.
                                  14 Centre Street, P. O. Box 2289
                                  Concord, NH 03302-2289
                                  (603) 225-6655

## CERTIFICATE OF SERVICE

I certify that a copy of the within Motion has been served electronically on Jeffrey Alitz, Esq., counsel for defendant.

                                                               _____