UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BAYBUTT CONSTRUCTION CORPORATION, <br> Plaintiff <br><br> v. <br><br> J. STEWART ROBERTS ASSOCIATES, INC. <br> Defendant | ) ) ) ) ) ) ) ) ) ) ) ) | No. 04-10870-MLW |

**ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND OF**
**<u>DEFENDANT J. STEWART ROBERTS ASSOCIATES, INC.</u>**

Pursuant to Rule 12(a) of the Federal Rules of Civil Procedure, the defendant, J. Stewart Roberts Associates, Inc. ("JSR"), responds to the Amended Complaint[1] of the plaintiff, Baybutt Construction Corporation ("Baybutt"), as follows:

1.  JSR is without information or knowledge sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 1 of the Complaint, and therefore denies them.

2.  JSR admits that it is an architectural firm with an office in Somerville, Massachusetts and that it provides architectural services and denies the remaining allegations made in Paragraph 2 of the Complaint.

3.  JSR admits that it contracted with the Town of Boxford to act as the architect for the new Boxford Town Hall project but denies that it prepared plans and specifications "for bidders" as is alleged in the Complaint. Further, to the extent that the allegations made in

---

[1] The amended complaint that Baybutt has filed includes only paragraphs 39-46. For readability and clarity purposes, JSR assumes Baybutt intended to also include paragraphs 1-38 of its complaint.

Paragraph 3 of the Complaint differ or misconstrue the terms of JSR's contract with the Town of Boxford, JSR denies the allegations made in Paragraph 3 of the complaint.

4. JSR admits the allegations made in Paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint addresses a document which speaks for itself and therefore JSR denies the allegations to the extent they go beyond or are inconsistent with the document.

6. JSR denies the allegations made in Paragraph 6 of the Complaint.

7. JSR denies the allegations made in Paragraph 7 of the Complaint.

8. JSR denies the allegations made in Paragraph 8 of the Complaint.

9. JSR admits that Baybutt requested additional time and additional compensation but denies that each Baybutt request for additional time and additional compensation was, as is alleged in the complaint, "due to changes".

10. JSR denies the allegations made in Paragraph 10 of the Complaint.

11. JSR denies the allegations made in Paragraph 11 of the Complaint.

12. JSR denies the allegations made in Paragraph 12 of the Complaint.

13. JSR admits the allegations made in Paragraph 13 of the Complaint.

14. JSR denies the allegations made in Paragraph 14 of the Complaint.

15. JSR denies the allegations made in Paragraph 15 of the Complaint.

**JURISDICTION AND VENUE**

16. As the allegations made in Paragraph 16 of the Complaint call for a legal conclusion, JSR is unable to admit or deny the allegations made in Paragraph 16 of the Complaint.

17. As the allegations made in Paragraph 17 of the Complaint call for a legal conclusion, JSR is unable to admit or deny the allegations made in Paragraph 17 of the Complaint.

### COUNT I (Negligence in Design)

18. JSR incorporates by reference it's responses to Paragraphs 1-17 of the Complaint.

19. JSR denies the allegations made in Paragraph 19 of the Complaint.

20. JSR denies the allegations made in Paragraph 20 of the Complaint.

21. JSR denies the allegations made in Paragraph 21 of the Complaint.

**WHEREFORE**, JSR respectfully requests that this Court issue an order dismissing the Complaint and awarding it the reasonable attorneys' fees and costs incurred in defending this action.

### COUNT II (Negligence and/or Bad Faith in Contract Administration)

22. JSR incorporates by reference its responses to Paragraphs 1-21 of the Complaint.

23. JSR denies the allegations made in Paragraph 23 of the Complaint.

24. JSR denies the allegations set forth in Paragraph 24 of the Complaint.

25. JSR denies the allegations set forth in Paragraph 25 of the Complaint.

**WHEREFORE**, JSR respectfully requests that this Court issue an order dismissing the Complaint and awarding it the reasonable attorneys' fees and costs incurred in defending this action.

### COUNT III (Breach of M.G.L. Chapter 30, Section 39J)

26. JSR incorporates by reference its responses to Paragraphs 1thourgh 25 of the Complaint.

27. As the allegations made in Paragraph 27 of the Complaint call for a legal conclusion, JSR is unable to admit or deny the allegations made in Paragraph 27 of the Complaint.

28. As the allegations made in Paragraph 28 of the Complaint call for a legal conclusion, JSR is unable to admit or deny the allegations made in Paragraph 28 of the Complaint.

29. JSR denies the allegations made in Paragraph 29 of the Complaint.

30. JSR denies the allegations made in Paragraph 30 of the Complaint.

**WHEREFORE**, JSR respectfully requests that this Court issue an order dismissing the Complaint and awarding it the reasonable attorneys' fees and costs incurred in defending this action.

## COUNT IV (Interference With Contractual Relations)

31. JSR incorporates by reference it's responses to Paragraphs 1 through 30 of the Complaint.

32. JSR denies the allegations made in Paragraph 32 of the Complaint.

33. JSR denies the allegations made in Paragraph 33 of the Complaint.

34. JSR denies the allegations made in Paragraph 34 of the Complaint.

**WHEREFORE**, JSR respectfully requests that this Court issue an order dismissing the Complaint and awarding it the reasonable attorneys' fees and costs incurred in defending this action.

## COUNT V (Violation of M.G.L. Chapter 93A)

35. JSR incorporates by reference its responses to Paragraphs 1 through 34 of the Complaint.

36. JSR denies the allegations made in Paragraph 36 of the Complaint.

37. JSR denies the allegations made in Paragraph 37 of the Complaint.

38. JSR denies the allegations made in Paragraph 38 of the Complaint.

**WHEREFORE**, JSR respectfully requests that this Court issue an order dismissing the Complaint and awarding it the reasonable attorneys' fees and costs incurred in defending this action.

## Count VI (Breach of "Assigned Contract")

39. JSR incorporates by reference its responses to Paragraphs 1 through 38 of the Complaint.

40. JSR admits that there was a contract between it and Boxford whose contents speaks for itself, and therefore JSR denies those allegations which go beyond or are inconsistent with the document.

41. JSR denies the allegations made in Paragraph 41 of the Complaint.

42. JSR is without information or knowledge sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 42 of the Complaint, and therefore denies them.

43. JSR denies the allegations made in Paragraph 43 of the Complaint.

44. JSR denies the allegations made in Paragraph 44 of the Complaint.

45. JSR denies the allegations made in Paragraph 45 of the Complaint.

46. JSR is without information or knowledge sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 46 of the Complaint, and therefore denies them.

**WHEREFORE**, JSR respectfully requests that this Court issue an order dismissing the Complaint and awarding it the reasonable attorneys' fees and costs incurred in defending this action.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Baybutt's claims are barred, or any damages must be reduced, on account of contributory negligence, estoppel, unclean hands and/or failure to mitigate damages.

### THIRD AFFIRMATIVE DEFENSE

Baybutt's claims are barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

JSR acted in good faith with respect to its decisions, determinations and other actions.

### FIFTH AFFIRMATIVE DEFENSE

Baybutt's claims are barred because it has not been damaged as a result of any act or omission of JSR.

### SIXTH AFFIRMATIVE DEFENSE

To the extent JSR had a duty to Baybutt and/or Boxford, it fully and completely satisfied it.

### SEVENTH AFFIRMATIVE DEFENSE

Baybutt and/or Boxford ratified and confirmed all actions taken by JSR.

### EIGHTH AFFIRMATIVE DEFENSE

Baybutt was fully informed and accurately informed at all relevant times, and they made informed decisions.

### NINTH AFFIRMATIVE DEFENSE

Baybutt is barred from recovery because its or Boxford's negligence, errors, omissions and/or wrongful acts are the proximate cause of its alleged damages.

### TENTH AFFIRMATIVE DEFENSE

If Baybutt or Boxford were damaged, as alleged in the Complaint, any such damage was a result of acts or omissions of persons or entities over whom JSR had no control and for whose conduct JSR is not legally responsible.

### ELEVENTH AFFIRMATIVE DEFENSE

JSR acted in good faith with respect to its interpretations, decisions, determinations and other actions performed under the contract documents and, therefore, are entitled to immunity from the claims asserted in this action.

### TWELFTH AFFIRMATIVE DEFENSE

Baybutt is barred from recovery by the provisions of M.G.L. c. 30, §§39J, 39N.

### THIRTEENTH AFFIRMATIVE DEFENSE

Baybutt is barred from recovery by the provisions of its contract, or Boxford's contract.

### FOURTEENTH AFFIRMATIVE DEFENSE

Baybutt and/or Boxford failed to comply with the terms of their contracts and, therefore, Baybutt is precluded from recovering on any of the claims asserted in this action.

## FIFTEENTH AFFIRMATIVE DEFENSE

Baybutt's claims are barred by the applicable statute of limitations and/or statute of repose.

## SIXTEENTH AFFIRMATIVE DEFENSE

Baybutt's claims are barred by the economic loss doctrine.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Baybutt's cannot successfully assert assigned claim.

**WHEREFORE**, JSR respectfully requests that this Court issue an order dismissing the Complaint and awarding it the reasonable attorneys' fees and costs incurred in defending this action.

## JURY DEMAND

**JSR hereby requests a trial by jury on all issues so triable.**

Respectfully submitted,

J. STEWART ROBERTS ASSOCIATES, INC.,
By its attorneys,

/s/ Christopher J. DeCosta
David J. Hatem, BBO No. 225700
Jeffrey L. Alitz, BBO No. 553741
Christopher J. DeCosta, BBO No. 657527
DONOVAN HATEM LLP
Two Seaport Lane, 8th Floor
Boston, MA  02110

Dated: August 11, 2006        (617) 406-4500

8

**CERTIFICATE OF SERVICE**

    I, Christopher J. DeCosta, hereby certify that on this 11th day of August, 2006, I served the foregoing document on opposing counsel, by first class mail, postage prepaid, to:

>Frank P. Spinella, Jr.
>HALL, MORSE, ANDERSON,
>MILLER & SPINELLA, P.C.
>14 Centre Street, P.O. Box 2289
>Concord, NH  03302-2289

                                        /s/  Christopher J. DeCosta

01024031