UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BAYBUTT CONSTRUCTION CORPORATION, Plaintiff v. J. STEWART ROBERTS ASSOCIATES, INC. Defendant | No. 04-10870-MLW |

**MEMORANDUM IN SUPPORT OF THE
MOTION FOR SUMMARY JUDGMENT OF
DEFENDANT J. STEWART ROBERTS ASSOCIATES, INC.**

## I.     PRELIMINARY STATEMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the defendant, J. Stewart

Roberts Associates, Inc. ("JSR"), hereby submits this memorandum in support of its motion for

summary judgment and moves this court for summary judgment as to all claims of the plaintiff,

Baybutt Construction Corporation ("plaintiff" or "Baybutt").

This is an action brought by Baybutt for damages it allegedly incurred in conjunction

with the construction of the new Boxford Town Hall.  Baybutt was the contractor for the project

pursuant to a contract with The Town of Boxford ("Town").   JSR was the architect for the

project pursuant to a separate design services contract with the Town.

Baybutt's original complaint alleges that JSR: 1) required additional work to be

performed by Baybutt as a result of JSR's inadequate design and that the inadequate design

prevented Baybutt from completing its work within the contractually specified time; 2) failed to

respond timely to requests for information; 3) routinely and improperly denied Baybutt's

requests for additional time at additional compensation; and 4) failed to step down as project architect due to a conflict of interest occasioned by the fact that approval of compensation otherwise due Baybutt due to faulty design and/or delays on the part JSR would result in claims by the Town against JSR.

Baybutt filed an amendment to its complaint, incorporating the above allegations, in which Baybutt asserted a new "Breach of Assigned Contract" claim based upon a settlement and assignment agreement that it reached with the Town. This additional claim asserts that JSR failed to furnish an adequate design with respect to the design of the fire pump, water-proofing, cornices, and HVAC system, causing project delays and additional expenses. In its amended complaint, Baybutt also alleges that because of JSR's inadequate design, the Town has already incurred liability to Baybutt in the amount of $263,000.

JSR is entitled to summary judgment and the Amended Complaint against it should be dismissed inasmuch as there are no genuine issues of material fact that Baybutt's claims are barred by the economic loss doctrine, are based upon an improper and invalid assignment of rights, and allege damages based on a "sham" judgment. Specifically, JSR is entitled to summary judgment for the following reasons: 1) Because Baybutt has no privity of contract with JSR and since Baybutt is seeking purely economic damages, Baybutt's original claims are barred by the economic loss doctrine; 2) Baybutt's claims against the Town did not give rise to any valid derivative rights which could then be assigned by the Town to Baybutt; 3) Baybutt's alleged "breach of assigned contract" damages are based on a "sham" judgment obtained against the Town which the Town is not required to pay; 4) Baybutt's "assigned breach of contract" claim is a disguised negligence claim which violates the applicable statute of limitations; and 5)

Baybutt's claim for violation of M.G.L. Chapter 30, Section 39J is not a legally recognized cause of action.

## II.     UNDISPUTED MATERIAL FACTS

1.     On or about May 3, 2001, JSR and the Town entered into a standard AIA contract whereby JSR agreed to provide architectural services to the Town for the construction of a new town hall to be located on Spofford Road in Boxford, Massachusetts.  **Exhibit A.**

2.     JSR did not enter into a contract with Baybutt related to the construction of the Boxford Town Hall.

3.     On or about April 30, 2004, Baybutt filed its original Complaint against JSR, alleging: 1) Negligence in Design; 2) Negligence and/or Bad Faith in Contract Administration; 3) Breach of M.G.L. Chapter 30, Section 39J; 4) Interference With Contractual Relations; and 5) Violation of M.G.L. Chapter 93A.  **Exhibit B.**

4.     On or about July 5, 2006, following the settlement reached between Baybutt and the Town, Baybutt filed an Amendment to Complaint, through which it added an additional cause of action for "breach of assigned contract" and asserted that JSR failed to furnish an adequate design with respect to the design of the fire pump, water-proofing, cornices, and HVAC system, causing project delays and additional expenses which includes a claim that the Town has incurred liability to Baybutt culminating in a judgment for $263,000.  **Exhibit C.**

5.     In its amended complaint, Baybutt asserts that the Town has incurred liability to Baybutt culminating in a judgment for $263,000.   **Exhibit C ¶ 44.**

6.     Nowhere in Baybutt's original Complaint or Amendment to Complaint does Baybutt allege that it suffered any bodily injury or property loss. **Exhibits B and C.**

7.     On or about June 29, 2006, the Town and Baybutt entered into a settlement and assignment agreement, through which the Town agreed to have a judgment in the amount of $263,000 entered against it and assigned to Baybutt the right to pursue a claim in the amount of the judgment against JSR. **Exhibit D ¶ 1, 4.**

8.     Under the terms of the settlement agreement between the Baybutt and the Town, Baybutt is prohibited from pursuing from the Town the judgment amount against the Town. **Exhibit D ¶ 4.**

9.     To date, the Town has not satisfied any portion of the judgment in the amount of $263,000 entered against it and Baybutt has no intention or right to pursue the judgment from    the Town . **Exhibit E.**

### III.     SUMMARY JUDGMENT STANDARD

Rule 56(c), Federal Rules of Civil Procedure, provides:

Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

"Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986).  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon mere allegations or denials of the moving party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue of material fact for trial. Id. at

324; *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-586 (1986).  The

substantive law controls which issues are material.  An issue of fact is material only if, under the

applicable law, it would affect the outcome of the suit.  *Anderson v. Liberty Lobby Inc.*, 477 U.S.

242, 248 (1986).  "Factual disputes that are irrelevant or unnecessary will not be counted."  Id.

The issue of fact must also be genuine.  An issue is genuine if evidence is such that a

reasonable jury could return a verdict for the non-moving party.  *Anderson*, 477 U.S. at 247-48

(1986); *McConnell v. Texaco, Inc.*, 727 F. Supp. 751, 755 (D. Mass. 1990).  Inferences drawn

from the facts must be viewed in the light most favorable to the non-moving party.  *United States

v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).  Nevertheless, the non-moving party "must do more

than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita*,

475 U.S. at 586.  "The mere existence of a scintilla of evidence in support of the plaintiff's

position will be insufficient."  *Anderson*, 477 U.S. at 252.  Furthermore, "in ruling on a motion

for summary judgment, the judge must view the evidence presented through the prism of the

substantive evidentiary burden."  *Id.* at 258.  Thus, summary judgment should not be denied

"unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict

for that party."  *Id.* at 249; *Daury v. Smith*, 842 F. 2d 9, 11 (1ˢᵗ Cir. 1988).  "If the evidence is

merely colorable, or is not significantly probative, summary judgment should be granted."

*Anderson*, at 249-50 (citations omitted).

A complete failure of proof concerning an essential element of the non-moving party's

case necessarily renders all other facts immaterial for purposes of granting summary judgment.

*Celotex Corp. v. Catrett*, 477 U.S. at 323; *Conway v. Boston Edison Co.*, 745 F. Supp. 773, 777

(D. Mass. 1990).  Once such a shortcoming in the evidence is demonstrated, the non-moving

party may escape summary judgment only by establishing specific, definite and competent

evidence to rebut the alleged failure of proof. *Sheinkopf v. Stone*, 927 F.2d 1259, 1261 (1st Cir. 1991); *Mesnick v. General Elec. Co.*, 950 F.2d 816, 822 (1st Cir. 1991), *cert. denied*, 504 U.S. 985 (1992). Such evidence is "not the stuff of an opposing party's dreams." *Id.* "This evidence 'cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a fact finder must resolve at an ensuing trial.'" *Id.* (quoting *Mack v. Great Atl. & Pac. Tea Co.*, 871 F.2d 179, 181 (1st Cir. 1989)).

## IV.    ARGUMENT

### A.    THE ECONOMIC LOSS DOCTRINE BARS THE CLAIMS ASSERTED BY BAYBUTT AS A MATTER OF LAW

#### 1.    Massachusetts Recognizes The Economic Loss Doctrine.

Baybutt seeks relief in this action for alleged damage incurred in the nature of delays and increased expenses. Specifically, Baybutt's alleges in its original complaint that JSR: 1) required additional work to be performed by Baybutt as a result of JSR's inadequate design and that the inadequate design prevented Baybutt from completing its work within the contractually specified time; 2) failed to respond timely to requests for information; 3) routinely and improperly denied Baybutt's requests for additional time at additional compensation; and 4) failed to step down as project architect due to a conflict of interest occasioned by the fact that approval of compensation otherwise due Baybutt due to faulty design and/or delays on the part JSR would result in claims by the Town against JSR. The damages Baybutt seeks for these allegations are pure economic loss for which Massachusetts provides no right of recovery against JSR. Accordingly, all of the counts in Baybutt's original Complaint are subject to and barred by the economic loss doctrine.

Massachusetts is among the majority of jurisdictions that prohibit recovery for purely economic loss in claims grounded in negligence when there is no privity of contract. The

6

Supreme Judicial Court has expressly stated that it will follow the Restatement (Second) of Torts and majority view in precluding pure economic loss for claims based in tort:

> [I]n this State when economic loss is the only damage claimed, recovery is not allowed in tort-based strict liability. In this respect Massachusetts joins the majority view in this country which is also the view favored by commentators.

Bay State-Spray & Provincetown S.S., Inc. v. Caterpillar Tractor Co., 404 Mass. 103, 107 (1989) (citations omitted). The Bay State-Spray & Provincetown S.S., Inc. decision is only one of many decisions holding that, absent personal injury or physical damage to property, a plaintiff in the position of Baybutt cannot recover in tort against the defendants for mere pecuniary loss. See, e.g., FMR Corp. v. Boston Edison Co., 415 Mass. 393 (1993); Garweth Corp. v. Boston Edison Co., 415 Mass. 303 (1993); Stop & Shop Cos. v. Fisher, 387 Mass. 889 (1983). Priority Finishing Corporation v. LAL Construction Co., Inc., et al, No. 91-01066 slip op. (Bristol Super. Ct. July 13, 1994). See also Goodwin, Proctor & Hoar v. Add, Inc., No. 90-5820E slip op. (Suffolk Super. Ct., Aug. 6, 1991); Putnam v. Loring, Nos. 87-2687, 89-2243, 6223-C slip op. (Suffolk Super. Ct. Jan. 29, 1992).

In Stop & Shop, the Supreme Judicial Court affirmed the rule that absent physical damage to property, no recovery for purely economic damages in a negligence action can be maintained. Stop & Shop, 387 Mass. at 893-894. As the court stated, "[i]n negligence cases, recovery has wisely been confined to physical damage to the plaintiff's property." Id. at 899. Superior Court decisions applying the economic loss doctrine are in accord. Judge Hely granted summary judgment to an engineer who allegedly prepared defective plans and specifications that were later used by a general contractor. Prescott v. National Grange Insurance Co., No. 92-3047, slip op. (Worcester Super. Ct. Dec. 1, 1993). In the Prescott case, as in this case, the plaintiff

and the defendant had no contractual relationship. The court held that the economic loss rule precluded recovery for the contractor's claims where the only damages are economic.

Summary judgment has been awarded in favor of firms (like JSR) for negligence claims brought by general contractors where the damages claimed were economic in nature. <u>Morse Co. v. First Healthcare Corp.</u>, No. 93-455, slip op. (Norfolk Super. Ct. Dec. 16, 1993); <u>see also</u> <u>Tasco Construction, Inc. v. Dufrense-Henry, Inc.</u>, No. 91-0308-C, slip op. (Middlesex Super. Ct. Feb. 11, 1994) (court allowed summary judgment motion of engineering firm on negligence claims brought by general contractor where contractor could show no property damage or personal injury).

Similarly, in <u>Goodwin, Proctor</u>, the economic loss doctrine was applied in a case where the alleged negligence of a design professional caused the plaintiff damage. The court ruled that such "economic losses" were not recoverable under Massachusetts law, reasoning that allowing such recovery would result in an overwhelming burden to defendant, would be inappropriate and would constitute a danger to our economic system:

> Allowance of a cause of action in negligence for purely economic losses would create an undue burden upon industrial freedom of action. Such a cause of action would also create a disproportion between the large amount of damages that might be recovered and the extent of the defendant's fault. In addition, recognition of a tort claim seeking damages for economic losses would encourage every person in the economic chain stemming from a negligent act to file suit. The result would be endless litigation. Such an overwhelming burden is clearly inappropriate and a danger to our economic system.

<u>Goodwin, Proctor & Hoar</u>, No. 90-5820E, at 3-4 (citing <u>Restatement (Second) of Torts</u>, § 766 C (1979)).

As the above discussion demonstrates, the economic loss rule is well settled and frequently applied by the courts in this Commonwealth. Its application to the case at bar cannot be doubted in light of the overwhelming precedent in other jurisdictions that, like Massachusetts

precedent, follows the "majority" rule and precludes purely economic losses for claims grounded strictly in tort.  See, e.g., Palco Linings, Inc. v. Pavex, Inc., 755 F. Supp. 1269 (M.D. Pa. 1990) (claim against architect/engineer by subcontractor for purely economic loss dismissed on summary judgment); Carmania Corp. N.V. v. Hambrecht Terrell Int., 705 F. Supp. 936, 938-939 (S.D.N.Y. 1988) (court dismissed negligence claims brought by owner against architect where owner sought solely economic loss); 2314 Lincoln Park West Condominium Ass'n v. Mann, Gib, Ebel & Frazier, Ltd., 555 N.E.2d 346, 348-353 (Ill. 1990) (condominium owners barred from bringing negligence claim for economic loss against architect); Alvord & Swift v. Muller Construction Company, 391 N.Y.S.2d 1012 (1976) (court applied the economic loss rule to subcontractor plaintiffs who brought economic loss claims in tort against the owner's architect who was not in privity with the subcontractors); Floor Craft Floor Coverings v. Parma Com. Gen. Hosp., 560 N.E.2d 206, 208-212 (Ohio 1990) (court affirmed dismissal of negligence claim by general contractor seeking recovery against architect for purely economic loss).

The case of Palco Linings provides the most thorough analysis of the economic loss doctrine and demonstrates its applicability to the specific fact situation at issue in the case at bar. 755 F.Supp. 1269. In Palco Linings, a subcontractor on a construction project sued, among others, the architect/engineer (hereinafter the "design professional") for negligence and negligent misrepresentation with respect to the project.  The design professional moved for summary judgment on the grounds that the economic loss rule as a matter of law barred recovery for increased costs of construction and delay damages caused by allegedly deficient services provided by the design professional. Id. at 1270.

In a well reasoned opinion, the court in Palco Linings held that it would, like Massachusetts, follow the "majority of the courts in the United States", including the United

States Supreme Court, and recognize the economic loss rule in the context of a construction dispute. Palco Linings, 755 F. Supp. at 1271. The court found the economic loss doctrine grounded on lack of privity; in other words, if a party like Baybutt sues a defendant like JSR, the absence of a contract between them warrants application of the economic loss rule. Id. at 1272. The court relied on, among other things, the Restatement (Second) of Torts, § 552(B)(2), the comment to which provides that mere negligent conduct of one in the position of JSR does not give rise to liability.

The court in Palco Linings described the issue in terms of duty: defendants like JSR owe no duty to a non-party like Baybutt to avoid pure economic loss. Id. at 1277. As the court stated:

> When a construction design proves to be defective, the plaintiff stands to "experience increased costs in performing a service." Even assuming that defendant did negligently supervise, inspect or specify the installation of the liner to the reservoir, or water flow therein, defendant had no duty to plaintiff to avoid causing economic loss.

Palco Linings, 755 F. Supp. at 1277 (citation omitted).

Relying upon applicable case law, the Restatement (Second) of Torts, and sound policy considerations, the court concluded that one like Baybutt cannot recover pure economic losses against defendants like the JSR with whom it is not in privity.

> We . . . conclude that the plaintiff in this action may not recover for claims of either negligence or negligent misrepresentation against the defendant: (1) with whom it is not in privity; (2) from whom no existing legal duty is owed other than by agreement; and (3) by whose actions and representations the plaintiff has suffered no injury beyond economic losses.

Id. at 1275 (emphasis added). See also Canal Electric Co. v. Westinghouse Electric Corp., 756 F. Supp. 620, 629-630 (D. Mass. 1990), rev'd in part, aff'd in part 973 F.2d 988 (1st Cir. 1992)

(commercial disputes concerning purely economic losses are to be adjudicated pursuant to contract law rather than negligence principles).

### 2.    No Property Damage Exists to Take Baybutt's Claims Out of the Economic Loss Rule.

Any argument by Baybutt that the economic loss rule is inapplicable because alleged acts or omissions on the part of the JSR give rise to property damage to Baybutt must be rejected. Baybutt seeks damages for design "deficiencies … [that] resulted in extra costs to Baybutt, for which additional compensation was denied by JSR without just cause."[1] These alleged damages clearly constitute economic loss.  As the court in Palco Linings stated:

> Plaintiff's claim throughout this litigation has been one for cost over-runs, as stated above, and increased costs . . . .  The terms "increased costs" and "cost over-runs" are synonymous with "lost profits."  Since economic loss is defined as damages for lost profits, plaintiff cannot assert that its claim is anything other than economic.

755 F. Supp. at 1275-1276.

For these reasons, summary judgment for JSR is warranted.

### 3.    There Has Been No Misrepresentation Recognized by Massachusetts That Would Make the Doctrine Inapplicable.

It is anticipated that Baybutt will argue that JSR's alleged negligence provides grounds for relief because JSR's conduct constituted "misrepresentation."  This argument fails as well.

Massachusetts does recognize an exception to the economic loss doctrine for losses resulting from negligent misrepresentation.  For example, in Nota Construction v. Keyes Associates, Inc., 45 Mass. App. Ct. 15, 694 N.E.2d 401 (1998), the Court stated:

---

[1] First Amended Complaint at ¶ 21.

"The Supreme Judicial Court [of Massachusetts] has held that liability will be imposed in Massachusetts for the negligent furnishing of services to one not a party to the contract where the defendant knows that the party will rely on his services. . . . Accordingly, we see no reason why a design professional such as an architect should be exempt from liability for negligent misrepresentation to one where there is no privity of contract. This view is in accord with a number of other jurisdictions."

Here, however, unlike the plaintiff in Nota or any similar case, Baybutt did not plead misrepresentation in its original complaint (**Exhibits B**). Even upon having the opportunity to amend its complaint in July of 2006, Baybutt did not allege misrepresentation (**Exhibit C**).

Moreover, even if Baybutt had alleged misrepresentation, there is simply no basis for this allegation. In Nota, the plaintiff (a contractor) claimed that the defendant engineering firm knowingly and intentionally misrepresented subsurface information in preparing plans and specifications – upon which the plaintiff relied in preparing its bid - for a construction project. The Massachusetts Court denied the defendant's motion for summary judgment, holding that in this state, an exception to the economic loss doctrine exists for losses resulting from negligent misrepresentation. In this case, unlike Nota or similar cases, there is simply no allegation that JSR misrepresented any information. Rather, Baybutt merely alleges that JSR designed the building inadequately, failed to respond to requests for information, failed to step down as project architect, and improperly denied requests for compensation (**Exhibits B and C**). These are actions not "misrepresentations" and the exception does not apply.

### B.  BAYBUTT'S CLAIMS AGAINST THE TOWN DO NOT GIVE RISE TO ANY DERIVATIVE CLAIMS AGAINST JSR THUS INVALIDATING THE TOWN'S PURPORTED ASSIGNMENT OF CLAIMS TO BAYBUTT

#### 1.  Baybutt's Claims Against the Town Do Not Give Rise to a Derivative Claim for Express Indemnity

The only indemnity provision that appears in the contract between JSR and the Town states as follows: "The Architect shall defend, indemnify and hold Owner harmless from any

claims, costs or expenses on account of *bodily injury or property damage* which are the result of the Architect's negligence in performing this agreement or the Architect's failure to comply with the terms of the Agreement" (emphasis added) (**Exhibit A ¶ 1.2.3.9**).

As such, the Town is only entitled to indemnity from JSR for claims of bodily injury or property damage. Since Baybutt makes no claims of bodily injury or property damage against the Town (**Exhibits B and C),** the Town is not entitled to express indemnity from JSR. Consequently, there is no express indemnity claim that can be assigned to and enforced by Baybutt.

> **2.    Baybutt's Claims Against the Town do Not Give Rise to a Derivative Claim for Common Law Indemnity**

In Massachusetts, the courts have "recognized the common law indemnity doctrine only in personal injury tort actions."  See Nicolaci v. Anapol, 387 F.3d 21, 27 (1st Cir. 2004) (applying Massachusetts law).  Since the claims being made by Baybutt against the Town are pecuniary in nature only and do not involve any claims for personal injury (**Exhibits B and C),** the Town is not entitled to common law indemnity from JSR.  Consequently, there is no common law indemnity claim that can be assigned to and enforced by Baybutt.

> **3.    Baybutt's Claims Against the Town do Not Give Rise to a Derivative Claim for Contribution**

In Massachusetts, the right of contribution is governed by G. L. c. 231B §1, which states in pertinent part:

> Except as otherwise provided in this chapter, where two or more persons become jointly liable in tort for the same *injury to person or property*, there shall be a right of contribution among them even though judgment has not been recovered against all or any of them  (emphasis added).

Since Baybutt makes no allegations of bodily injury or property damage against the Town (**Exhibits B and C),** the Town is not entitled to contribution from JSR. Consequently, there is no contribution claim that can be assigned to and enforced by Baybutt.

### C.    BAYBUTT'S ALLEGED CLAIMS SHOULD BE DISMISSED TO THE EXTENT THEY ARE BASED ON A SHAM JUDGMENT OBTAINED AGAINST THE TOWN

Under the terms of the Settlement Agreement reached between the Town and Baybutt, the Town agreed to have a judgment in the amount of $263,000 entered against it and assigned to Baybutt the right to pursue a claim in this amount against JSR (**Exhibit D ¶ 1, 4**). Under the explicit terms of the agreement, Baybutt has no right to pursue the judgment amount against the Town irrespective of the outcome of Baybutt's claims against JSR, clearly evidencing the fact that the judgment is a sham. The agreement states in relevant part:

> Baybutt agrees to liquidate Boxford's liability under the judgment … to the amounts it recovers against JSR, and accepts the foregoing assignment, admission and agreement by Boxford and the amounts it recovers from JSR thereunder *in lieu of any enforcement action against Boxford*, and in satisfaction of the judgment, and *Boxford shall have no further liability to Baybutt on account of the judgment* (emphasis added) (**Exhibit D ¶ 4**).

Indeed, Baybutt admits in its responses to JSR's Requests for Admissions that the Town has yet to satisfy the judgment and that it intends to satisfy the judgment against JSR, not the Town (**Exhibit E**).

So long as the judgment is unenforceable against the Town, the Town had no reason or incentive to dispute the amount (i.e. the judgment amount could very well have been significantly higher at no extra cost or burden to the Town). Therefore, the judgment is without merit and does not legitimately represent the Town's liability to Baybutt. Nevertheless,

Baybutt's amended complaint deceptively alleges that "Boxford has already incurred liability to Baybutt culminating in a judgment in the amount of $263,000." **(Exhibit C ¶ 44).**

"Actual damage or injury" is an essential element of a tort action. <u>Jorgenson v. Mass. Port Authority</u>, 905 F.2d 515, 522 (1st Cir. 1990). Here, Baybutt's claim is not based on any actual damage or injury as the Town is not required to pay the judgment. Since the judgment is in no way an accurate reflection of the Town's liability to Baybutt, nor even has the Town incurred a loss arising from this "judgment," Baybutt should not be permitted to rely upon the judgment in any fashion or assert the judgment as a legitimate basis for damages. Without damages, summary judgment must enter on the Breach of Contract claim asserted in Baybutt's Amended Complaint.

### D.     BAYBUTT'S ASSIGNED BREACH OF CONTRACT CLAIM IS A DISGUISED NEGLIGENCE CLAIM WHICH VIOLATES THE APPLICABLE STATUTE OF LIMITATIONS

The claims "assigned" to Baybutt by the Town were never alleged by the Town against JSR, as the Town never filed a complaint or third-party complaint against JSR. As such, the "assigned" claims do not "relate back" to any other claims and are susceptible to the three year statute of limitations.

In an effort to avoid violating the applicable statute of limitations, Baybutt labels the additional cause of action in its amended complaint as "breach of assigned contract". However, in its amended complaint, Baybutt alleges that JSR failed to "use that degree of care and skill exercised under similar circumstances by competent members of the design profession practicing in Massachusetts", which is clearly the language of a malpractice allegation, not breach of contract. **(Exhibit C ¶ 40, 41).** Tellingly, the above-referenced language of the amended complaint nearly mirrors the legal standard of care of architects, which is that architects must

"exercise … that skill and judgment which can be reasonably expected from similarly situated professionals." Klein v. Catalano, 386 Mass. 701, 718 (1982).

At no point in the entire amended complaint does Baybutt allege any facts regarding a breach of contract claim.  (**Exhibit C**).  In short, Baybutt merely alleges negligence, and labels it as a breach of contract action in an attempt to avoid the three-year statutes of limitations under either M.G.L. c.260, §§ 2A or 2B.  See Anthony's Pier Four, Inc. v. Crandall Dry Dock Engineers, Inc., 396 Mass. 818, 823 (1986) (citing Hendrick v. Sears, 365 Mass. 83, 85 (1974) (In determining whether a claim is properly characterized as tort or contract, the reviewing court must look at the "gist of the action.").  For this reason, Baybutt's claim for "assigned breach of contract" is a claim for negligence and is barred by the applicable statute of limitations.

### E.    BAYBUTT'S CLAIM FOR VIOLATION OF M.G.L. CHAPTER 30, SECTION 39J IS NOT A LEGALLY RECOGNIZED CAUSE OF ACTION

M.G.L. Chapter 30, Section 39J states:

> Notwithstanding any contrary provisions of any contract for the construction … of any public building … by … any town, … a decision … by any architect or engineer, on a dispute, whether of fact or of law, arising under said contract shall not be final or conclusive if such decision is made in bad faith, fraudulently, capriciously, or arbitrarily is unsupported by substantial evidence, or is based upon error of law.

M.G.L. Chapter 30, Section 39J does not provide an independent remedy for a breach of the statute.  Therefore, Baybutt's allegation that JSR violated M.G.L. Chapter 30, Section 39J is not an independent cause of action as plead by Baybutt in its original complaint.  At best, if JSR did violate M.G.L. Chapter 30, Section 39J, which JSR denies, such violation would merely constitute evidence of negligence and would not be considered an independent cause of action for which a remedy is available.  "[V]iolations of a statute or regulations do not constitute negligence per se…"but"…may provide evidence of negligence."  Berish v. Bornstein, 437

16

Mass. 252, 273 (20020.  Accordingly, JSR's "claim" for alleged violation of M.G.L. Chapter 30, Section 39J is not an independent cause of action under the law and should be dismissed.

## V.     CONCLUSION

Summary judgment should enter in favor of JSR based upon the absence of any issue of material fact, and the following reasons described in detail above: (1) The economic loss doctrine bars the claims asserted by Baybutt; (2) the claims assigned to Baybutt from the Town are invalid because the Town had no derivative claims to assign; (3) the judgment against the Town is a sham and should not be considered a basis for claims against JSR; (4) Baybutt's "assigned breach of contract" claim is a disguised negligence claim which violates the applicable statute of limitations; and (5) Baybutt's claim for violation of M.G.L. Chapter 30, Section 39J is not a legally recognized cause of action.

Respectfully submitted,

J. STEWART ROBERTS ASSOCIATES, INC.,
By its attorneys,

*/S/ Christian G. Samito*
David J. Hatem, BBO No. 225700
Jeffrey L. Alitz, BBO No. 553741
Christian G. Samito, BBO No. 639825
DONOVAN HATEM LLP
Two Seaport Lane, 8th Floor
Boston, MA  02110
(617) 406-4500

Dated:  November 13, 2006

## <u>CERTIFICATE OF SERVICE</u>

I, Christian G. Samito, hereby certify that on this 13th of November, 2006,

I served the foregoing electronically and by first class mail, postage prepaid, to:

> Frank P. Spinella, Jr.
> HALL, MORSE, ANDERSON,
> MILLER & SPINELLA, PC.
> 14 Centre Street
> P.O. Box 2289
> Concord, NH  03302-2289

_____
Christian G. Samito

01046366 (2500.1958)

18