Ex. "B"

*Complete copy of complaint*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

BAYBUTT CONSTRUCTION
CORPORATION

v.                              No.: 04 10870 MLW

J. STEWART ROBERTS ASSOCIATES,
INC.                    MAGISTRATE JUDGE Cohen

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

RECEIPT # 55624
AMOUNT $ 150
SUMMONS ISSUED yes
LOCAL RULE 4.1
WA..
MCF ISSUED
BY DPTY. CLK  T.O.W
DATE  4-30-04

### COMPLAINT

This is an action for damages and declaratory relief asserting negligence and breach of statutory duty, arising out of a construction project built by Baybutt Construction Corporation for the Town of Boxford. Plaintiff alleges:

### BACKGROUND FACTS

1. Baybutt Construction Corporation ("Baybutt") is a New Hampshire corporation headquartered in Keene, New Hampshire, engaged in the business of general contracting and construction management for commercial projects in New Hampshire, Vermont and Massachusetts.

2. J. Stewart Roberts Associates, Inc. ("JSR") is a Massachusetts corporation headquartered in Somerville, Massachusetts, engaged in the business of architecture, design and contract administration for municipal and institutional projects.

3. In 2001-02, pursuant to a contract with the Town of Boxford, JSR designed the new Boxford Town Hall, producing plans and specifications therefor for bidders, and

further agreed to act as administrator of the construction contract subsequently to be awarded by the Town.

4. In April of 2002, Baybutt entered into a written construction contract with the Town of Boxford (the "General Contract") for building the new Boxford Town Hall, in accordance with the aforementioned plans and specifications ("the Work"), for a price of $3,662,523.00.

5. The General Contract designated JSR as contract administrator, with the responsibility, inter alia, to direct changes to the Work, to interpret ambiguous provisions in the plans and specifications and to approve payment requisitions, change order requests, and requests for extensions of time.

6. At the behest of JSR and/or in response to inadequacies in the plans and specifications, various changes to the Work were required during construction, which entailed increased costs to Baybutt and for which Baybutt sought from JSA approval of increases to the General Contract price (hereinafter "Contract Sum").

7. On numerous occasions, JSR declined to approve increases in the Contract Sum or the Contract Time.

8. As a result of changes directed by JSR, and as a result of additional work necessitated due to inadequate design by JSR, Baybutt was unable to achieve the General Contract's stated date for substantial completion.

9. From time to time during the project, Baybutt requested both additional time and additional compensation due to changes either requested by JSR or necessitated by

inadequate design – and its requests were frequently denied by JSR.

10. Additional delays were occasioned by the failure of JSR to respond timely to requests for direction in resolving design issues—including but not limited to requests for direction with regard to a fire pump system, the initial design of which did not meet code requirements.

11. By way of example, JSR authorized Baybutt to proceed to complete a changed fire pump system on a "time and materials" basis, and after completion of the change order work Baybutt billed for said work on a "time and materials" basis. To date, no part of that bill has been approved for payment by JSR.

12. The Work was substantially completed and the Town of Boxford took possession and occupancy on or before January 12, 2004.

13. The Town of Boxford is withholding a substantial balance of the Contract Sum, including "retainage," from Baybutt, and has assessed liquidated damages against Baybutt due to the failure to meet the targetted completion date.

14. In total, Baybutt is owed approximately $600,000 by the Town of Boxford for work performed under the General Contract, payment for which JSR refuses to certify.

15. From time to time, Baybutt has requested that JSR step down as project architect due to conflict of interest occasioned by the fact that approval of extra compensation otherwise due Baybutt due to faulty design and/or delays on the part of JSR would result in claims by the Town against JSR. JSR has uniformly declined to step down as the decisionmaker on Baybutt's payment and time extension requests.

## JURISDICTION AND VENUE

16. Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. §1332, in that the controversy is between citizens of different states and more than $75,000, exclusive of interest and costs, is at issue.

17. Venue is proper in this District by virtue of 28 U.S.C. §1391(a), in that defendant resides in this District, and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## COUNT I (Negligence in Design)

18. Baybutt repeats and incorporates by reference the allegations of paragraphs 1 through 15 above.

19. JSR owed a duty to bidders such as Baybutt, whom it knew would be relying on the adequacy of JSR's design and for whose guidance the plans and specifications implementing that design were created, to act with due care in designing the project.

20. JSR breached this duty by negligently designing the project, including but not limited to the following deficiencies: failure to design a code-compliant fire pump system; failure to adequately design/specify precast concrete connections; failure to call for through-wall flashing at the conference room area; improper grades on site plan resulting in improper layout of granite curbing, concrete sidewalks and concrete ramps for ADA-compliant handicapped access; inadequate design of heating/mechanical systems.

21. Each of the foregoing deficiencies has resulted in extra costs to Baybutt, for which additional compensation was denied by JSR without just cause.

COUNT II (Negligence and/or Bad Faith in Contract Administration)

22. Baybutt repeats and incorporates by reference the allegations of paragraphs 1 through 15 above.

23. JSR owed a duty to Baybutt, whom it knew would be relying on the good faith of JSR's administration of the General Contract, to act in good faith, with impartiality and due care when passing on requests for extra time and/or extra compensation.

24. JSR breached this duty by its bad faith and/or negligent administration of the contract, including but not limited to the following deficiencies: failure to respond timely to requests for information, direction or approvals, in violation of M.G.L. ch. 30, § 39P; failure to approve requests for extra compensation and/or extra time occasioned by design deficiencies; failure to honor approved change orders for additional compensation; refusal to recuse due to conflict of interest.

25. The failure and refusal of the Town of Boxford to pay the amounts invoiced and billed by Baybutt are i substantial part attributable to JSR's negligent and/or bad faith failure to approve requisitions for payment and to approve change orders and time extensions to which Baybutt was entitled.

COUNT III (Breach of M.G.L. Chapter 30, Section 39J)

26. Baybutt repeats and incorpoates by reference the allegations of paragraphs 1 through 25 above.

27. The General Contract is governed by the provisions of M.G.L. Ch. 30, § 39J.

28. Section 39J prevents a decision of the architect from being "final" or

"conclusive" "if such decision is made . . . capriciously, or arbitrarily[,] is unsupported by substantial evidence, or is based upon error of law."

29. The aforementioned decisions, failures and refusals to approve Baybutt's requests for added time or compensation were capricious, arbitrary, unsupported by substantial evidence and/or based upon errors of law.

30. Baybutt has been damaged as a result of this conduct.

### COUNT IV (Interference With Contractual Relations)

31. Baybutt repeats and incorporates by reference the allegations of paragraphs 1 through 30 above.

32. JSR knowingly induced the Town of Boxford to breach its contract with Baybutt..

33. Said inducement was improper in motive or means, in that JSR acted in bad faith in order to forestall a claim by he Town of Boxford against it for breach of contract, defective design and/or negligent administration of the General Contract.

34. Baybutt has suffered damages as a result.

### COUNT V (Violation of M.G.L. Chapter 93A)

35. Baybutt repeats and incorporates by reference the allegations of paragraphs 1 through 34 above.

36. Baybutt and JSR are each involved in trade or commerce within Massachusetts, and the aforementioned acts and omissions of JSR occurred in the course of said trade or commerce.

37. The aforementioned acts and omissions and refusals of JSR were in bad faith, unfair and deceptive in violation of M.G.L. Ch. 93A, §2, actionable under §11.

38. Baybutt has been damaged as a result.

### PRAYER FOR RELIEF

WHEREFORE, Baybutt prays

A. For a declaration pursuant to 28 U.S.C. §2201 that the aforementioned decisions, failures and refusals to approve extra time or compensation were capricious, arbitrary, unsupported by substantial evidence and/or based upon errors of law;

B. For an award of damages against JSR in the amount of at least $600,000, together with interest thereon as allowed by law;

C. Such damages to be doubled or trebled pursuant to M. G. L. Chapter 93A;

D. For an award of its attorneys fees; and

E. For such further relief as may be just.

A JURY TRIAL IS REQUESTED ON ALL ISSUES SO TRIABLE.

BAYBUTT CONSTRUCTION CORPORATION
By its attorney,

April 28, 2004

_____
Frank P. Spinella, Jr.      #566536
HALL, MORSE, ANDERSON, MILLER &
SPINELLA, P.C.
14 Centre Street, P. O. Box 2289
Concord, NH 03302-2289
(603) 225-6655