Ex. "D"

## SETTLEMENT AND ASSIGNMENT AGREEMENT

Whereas Baybutt Construction Corporation ("Baybutt") has brought a law suit (the "Litigation") against the Town of Boxford ("Boxford") in the United States District Court for the District of Massachusetts, Docket No. 04-10608-MLW ("the Litigation"), for breach of contract for the construction by Baybutt of the new Boxford Town Hall ("the Project"), and the Town has asserted a counterclaim against Baybutt in the Litigation; and

Whereas, in the Litigation Baybutt seeks damages against Boxford resulting from extra costs incurred by Baybutt due to deficiencies in the design of the Project (the "Claims"), including but not limited to certain errors in the design of the fire pump at the Project which have been conceded by the architect for the Project, J. Stewart Roberts Associates, Inc. ("JSR"); and

Whereas, Baybutt alleges Boxford's liability for the Claims in paragraph 11 of the complaint filed in the Litigation; and

Whereas, Boxford and Baybutt have agreed to settle the claims between them in the Litigation;

Now Therefore, in consideration of the mutual covenants contained herein, the parties, on their own behalf and on behalf of their employees, predecessors, successors, assigns, legal representatives and attorneys, agree as follows:

1.  Boxford acknowledges and concedes liability in the amount of $263,000 on account of the Claims, and consents to entry of judgment against it in the Litigation in the amount of $263,000, including all costs and interest. (Wholly apart from the Claims,

Boxford agrees to release and pay to Baybutt the amount of $134,000. This amount is to be paid to Baybutt in cash, from the contract balance amount being retained by Boxford, as identified in paragraph 10 of the complaint filed in the Litigation, and such payment is not in any way a credit against the judgment amount set forth above. Subject to the provisions of paragraph 11, the payment shall be made within nine (9) days of the execution of this Agreement.)

2.   Boxford hereby irrevocably assigns to Baybutt and Baybutt is thereby subrogated to all rights, claims and causes of action which Boxford has or may have against JSR, as well as all claims and causes of action against any insurer of JSR, on account of deficiencies in design of the Project.

3.   Baybutt will seek permission from the court to prosecute the assigned claims in Baybutt's name. Should Baybutt be unable to bring in Baybutt's own name all claims against JSR which are herein or hereby assigned, (a) the assigned claims will be prosecuted in Boxford's name and any recovery will be passed through to Baybutt, and (b) Baybutt shall indemnify Boxford and its officers and employees and hold Boxford and its officers and employees harmless from and against any loss, costs, damages and expense, including attorneys fees and expenses, arising from any claim which may be made by through or under any one or more of JSR or its insurer(s) and arising from Baybutt's acts or omissions with regard to any such claim brought in the name of Boxford.

4.   Baybutt agrees to liquidate Boxford's liability under the judgment to be entered pursuant to paragraph 1 above to the amounts it recovers against JSR, and

accepts the foregoing assignment, admission and agreement by Boxford and the amounts it recovers from JSR thereunder in lieu of any enforcement action against Boxford, and in satisfaction of the judgment, and Boxford shall have no further liability to Baybutt on account of the judgment.

5.  Baybutt may litigate, arbitrate, mediate, settle, compromise or otherwise pursue the rights, claims and causes of action herein assigned without additional consent of Boxford. Boxford shall reasonably cooperate in all such proceedings, including providing any necessary testimony and documentation that may be in its custody and control. Those persons testifying on behalf of Boxford shall be truthful in their testimony and representations in any court or other proceedings. Notwithstanding the foregoing, Boxford shall not be required to hire, engage or retain counsel, or be obligated to pay for any fees of attorneys or other professionals, court costs or any other fees or expenses related to or arising out of the prosecution by Baybutt of any claim or right herein assigned; all such costs and expenses shall be paid by Baybutt.

6.  Baybutt shall perform corrective work to address (1) water infiltration at the Town Hall by installing a drip edge at the roof lines at the rear of the building, and (2) poor HVAC system performance in the Town Hall. The standards and requirements for the corrective work shall be set forth in a separate document agreed to and executed by Baybutt and Boxford. Baybutt shall also (3) replace up to 12 interior doors designated by Boxford as defective. Boxford shall issue a change order document to Baybutt for the corrective work on a time and materials (T&M) payment basis and shall assign to Baybutt any rights Boxford has against JSR on account of the corrective work under the

same terms as in paragraph 4 above.

7. For and in consideration of the payment to be made and the assignment granted hereunder by Boxford, and other good and valuable consideration, including Boxford's other undertakings under this Agreement, the receipt and sufficiency of which are hereby acknowledged, Baybutt hereby forever releases and discharges Boxford, its officials, employees, predecessors, successors, assigns, legal representatives and attorneys of and from any and all claims, actions, liability, causes of action, grievances, suits, demands, liens, controversies and proceedings, for damage, compensation, benefits, costs, losses, claims under G.L. c.93A, expenses, attorneys' fees, declaratory relief and relief arising out of economic injury, property damage and injury, violation of federal or state civil rights, breach of contract, negligence and liabilities in law and equity (collectively, "claims") arising out of, resulting from or relating to Boxford's payment or non-payment of the contract balance retainage under the contract for the Project between Baybutt and Boxford dated May 22, 2002 ("Contract") identified in paragraph 1 above and paragraph 10 of the complaint filed in the Litigation.

8. For and in consideration of the corrective work to be performed by Baybutt and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Boxford hereby forever releases and discharges Baybutt, its officials, employees, predecessors, successors, assigns, legal representatives and attorneys of and from any and all claims, actions, liability, causes of action, grievances, suits, demands, liens, controversies and proceedings, for damage, compensation, benefits, costs, losses, claims under G.L. c.93A, expenses, attorneys' fees, declaratory

relief and relief arising out of economic injury, property damage and injury, breach of contract, negligence and liabilities in law and equity (collectively, "claims") arising out of, resulting from or relating to Baybutt's obligations under the Contract, excepting only Boxford's right to enforce Baybutt's obligation to perform corrective work and door replacement as set forth in paragraph 6 above and those rights extended to Boxford, following final payment, pursuant to the Contract, or the performance and payment bonds issued to Boxford for the Project by Baybutt, as principal, and St. Paul Fire & Marine Insurance Company, as surety, for defective work or latent defects not known or knowable with reasonable diligence by Boxford as of the date of this Agreement.

9. Baybutt and Boxford will execute and file an agreement for judgment reflecting the disposition of the claims between them in the Litigation, as described in paragraph 1, without any additional costs or an award of attorneys' fees and with all rights of appeal waived.

10. The parties agree to execute and deliver such other documents as may be necessary to give effect to this Agreement.

11. The undersigned represent and warrant that each has the right, capacity and all necessary authority to execute this Agreement on behalf of its respective party, and represent and warrant that neither party has sold, assigned or transferred any of the claims referred to in paragraph No.'s 7 and 8 to any person or entity not identified herein.

12. The undersigned represent and warrant that each has had the opportunity to review this Agreement and has had the advice of counsel prior to executing this Agreement and that he executes this Agreement as his free act and deed.

13. The terms of this Agreement are contractual and not a mere recital.

IN WITNESS WHEREOF, the parties have executed the foregoing as of this 29TH day of June, 2006.

| Baybutt Construction Corp. | Town of Boxford |
|---|---|
| By: *Fred P. Baybutt* <br> Fred Baybutt, its President <br> duly authorized | By: *[signature]* |

284997/BOXF/0059