Ex. "E"

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BAYBUTT CONSTRUCTION CORPORATION,<br>      Plaintiff<br><br>v.<br><br>J. STEWART ROBERTS ASSOCIATES, INC.<br>      Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 04-10870-MLW |

**DEFENDANT J. STEWART ROBERTS ASSOCIATES, INC.'S
FIRST REQUEST FOR ADMISSIONS DIRECTED TO
PLAINTIFF BAYBUTT CONSTRUCTION CORPORATION**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, the defendant, J. Stewart Roberts Associates, Inc. ("JSR"), requests that the plaintiff, Baybutt Construction Corporations ("Baybutt"), answer separately, fully, and in writing, the following Requests for Admissions within the time prescribed by the Federal Rules of Civil Procedure.

**INSTRUCTIONS**

1.     Each answer, statement or objection shall be preceded by the request to which it responds.

2.     When an objection is made to any request or subpart thereof, it shall state with specificity all grounds upon which the objecting party relies.

3.     Pursuant to Rule 36(a), no objection can be made solely on the ground that a sufficient answer to a request presents a genuine issue for trial.

4.     Pursuant to Rule 36(a), Baybutt may not give lack of information or

knowledge as a reason for their failure to admit or deny a matter unless it states that it has made a reasonable inquiry and that the information known or readily obtainable by Great Northern is insufficient to enable them to admit or deny the matter.

5. Pursuant to Rule 36(a), any denial of a matter requested to be admitted must fairly meet the substance of the requested admission.

6. Pursuant to Rule 36(a), when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder.

7. Each denial of a request for admission or a qualification must be made under the penalties of perjury.

8. Pursuant to Rule 36, it is not valid to object on the basis that the request requires the application of law to the facts of the case.

9. Pursuant to Rule 36, should Baybutt wrongly deny any request, it is liable for the cost of proving said request.

## DEFINITIONS

The full text of the following definitions are deemed incorporated by reference and to all discovery requests:

1. Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

2. Document. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Parties. The terms "plaintiff," "defendant in counterclaim" and

"defendant," "plaintiff in counterclaim" as well as a party's full or abbreviated name or a pronoun referring to a party such as you or your means the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

4. Person. The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

5. Concerning. The term "concerning" means referring to, describing, evidencing, or constituting.

6. The terms "you," "yours," or "Baybutt" refer to the plaintiff, Baybutt Construction Corporation, its agents, attorneys, employees, representatives, or those persons acting on its behalf.

7. The term "Complaint" refers to the amended complaint filed by the plaintiff Baybutt against JSR. in this matter.

8. "Boxford," as used herein, refers to the Town of Boxford, its agents, employees, servants, representatives, and any other person or entity acting or purporting to act on its behalf or at its request.

9. The "Project," as used herein, means the design and construction of the Boxford Town Hall.

## REQUESTS FOR ADMISSION

1. Please admit that Boxford has yet to satisfy the judgment to which you refer in Paragraph 44 of the Amended Complaint.

2. Please admit that you have no intention of enforcing the judgment against Boxford you reference in Paragraph 44 of the Complaint.

3. Please admit that prior to the assignment to which you refer in Paragraph 46 of the Amended Complaint, Boxford had never asserted a claim that JSR negligently designed any aspect of the Project.

4. Please admit that you and/or Boxford were aware of the alleged problems with the fire pump vault to which you refer in Paragraph 41(a) prior to completion of the Project.

5. Please admit that you and/or Boxford were aware of the alleged problems with the leakage of rain water into the building to which you refer in Paragraph 41(b) prior to completion of the Project.

6. Please admit that you and/or Boxford were aware of the alleged separation of the precast cornices from the concrete walls to which you refer in Paragraph 41(c) prior to completion of the Project.

7. Please admit that you and/or Boxford were aware of the alleged heating imbalances to which you refer in Paragraph 41(d) prior to completion of the Project.

8. Please admit that neither you nor Boxford has sustained damages from the claims you assert in Count VI of the Complaint.

-5-

        J. STEWART ROBERTS ASSOCIATES, INC.,
        By its attorneys,


        _____
        David J. Hatem (BBO #: 225700)
        Jeffrey L. Alitz (BBO #: 553741)
        Christopher J. DeCosta (BBO #: 657527)
        DONOVAN HATEM LLP
        Two Seaport Lane
        Boston, MA 02110
        (617) 406-4500

## CERTIFICATE OF SERVICE

I, Christopher J. DeCosta, hereby certify that on this ____ day of August, 2006, served the foregoing document on opposing counsel, by first class mail, postage prepaid, to:

> Frank P. Spinella, Jr., Esq.
> Hall, Morse, Anderson, Miller &
>    Spinella, PC.
> 14 Centre Street
> P.O. Box 2289
> Concord, NH  03302-2289

_____
Christopher J. DeCosta

01024237 (2500.1958)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BAYBUTT CONSTRUCTION CORPORATION,<br>　　Plaintiff<br><br>v.<br><br>J. STEWART ROBERTS ASSOCIATES, INC.<br>　　Defendant | No. 04-10870-MLW |

**PLAINTIFF'S ANSWERS TO DEFENDANT'S FIRST REQUEST
FOR ADMISSIONS**

Pursuant to Fed.R.Civ.P. 36, plaintiff Baybutt Construction Corporation ("Baybutt") answers the requests for admissions served by defendant J. Stewart Roberts Associates, Inc. ("JSR"), as follows:

1.　　Admitted.

2.　　Denied. Baybutt has every intention of enforcing the judgment against Boxford referenced in Paragraph 44 of the Complaint – but will do so against JSR in accordance with paragraph 4 of the Settlement and Assignment Agreement dated June 29, 2006.

3.　　To the extent that assertion of a claim against JSR embraces claims made in litigation through a formal pleading, this paragraph is admitted. However, Boxford has long believed that JSR (or its subcontractors) did negligently design certain aspects of the Project.

4.　　Admitted.

5.　　Admitted.

6.  This paragraph cannot be admitted or denied as written. The precast cornices referred to in paragraph 41(c) of the Complaint did not separate, thanks to additional measures taken by Baybutt (steel clip angles welded back to the structural steel) that were not in JSR's original design, which design had the masonry ties anchored to light gauge metal studs that would not have overcome the outward force of the precast cornices).

7.  Denied.

8.  Denied.

Respectfully submitted,

Baybutt Construction Corporation
By its attorney,

Date:  September 12, 2006

_____
Frank P. Spinella, Jr.
HALL, MORSE, ANDERSON,
MILLER & SPINELLA, P.C.
14 Centre Street, P. O. Box 2289
Concord, NH 03302-2289
(603) 225-6655

CERTIFICATE OF SERVICE

I certify that a copy of the within Answers to Defendant's First Request for Admissions has been mailed to Jeffrey Alitz, Esq., counsel for defendant.

/s/ Frank P. Spinella, Jr.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BAYBUTT CONSTRUCTION CORPORATION,<br>　　Plaintiff<br><br>v.<br><br>J. STEWART ROBERTS ASSOCIATES, INC.<br>　　Defendant | No. 04-10870-MLW |

**PLAINTIFF'S ANSWERS TO DEFENDANT'S FIRST REQUEST FOR ADMISSIONS**

Pursuant to Fed.R.Civ.P. 36, plaintiff Baybutt Construction Corporation ("Baybutt") answers the requests for admissions served by defendant J. Stewart Roberts Associates, Inc. ("JSR"), as follows:

1.　Admitted.

2.　Denied. Baybutt has every intention of enforcing the judgment against Boxford referenced in Paragraph 44 of the Complaint – but will do so against JSR in accordance with paragraph 4 of the Settlement and Assignment Agreement dated June 29, 2006.

3.　To the extent that assertion of a claim against JSR embraces claims made in litigation through a formal pleading, this paragraph is admitted. However, Boxford has long believed that JSR (or its subcontractors) did negligently design certain aspects of the Project.

4.　Admitted.

5.　Admitted.

6. This paragraph cannot be admitted or denied as written. The precast cornices referred to in paragraph 41(c) of the Complaint did not separate, thanks to additional measures taken by Baybutt (steel clip angles welded back to the structural steel) that were not in JSR's original design, which design had the masonry ties anchored to light gauge metal studs that would not have overcome the outward force of the precast cornices).

7. Denied.

8. Denied.

Respectfully submitted,

Baybutt Construction Corporation
By its attorney,

Date:  September 12, 2006

*[signature]*

Frank P. Spinella, Jr.
HALL, MORSE, ANDERSON,
MILLER & SPINELLA, P.C.
14 Centre Street, P. O. Box 2289
Concord, NH 03302-2289
(603) 225-6655

CERTIFICATE OF SERVICE

I certify that a copy of the within Answers to Defendant's First Request for Admissions has been mailed to Jeffrey Alitz, Esq., counsel for defendant.

/s/ Frank P. Spinella, Jr.

# MEMORANDUM

TO:     J. Alitz

FROM:   C. DeCosta

CLIENT/MATTER NUMBER:     2500.1958

CLIENT/MATTER NAME:       J. Stewart Roberts / Baybutt Construction

RE:     Issues relating to assignment of the Town's claims to Baybutt

DATE:   June 12, 2006

---

Jeff, you had asked me to look into whether Baybutt could rely on a sham judgment agreed to by the Town and subsequent assignment of any rights against JSR the Town may have had based on the judgment.

Short answer: No. Although the Town may have direct rights against JSR, there appears to be no derivative rights arising out of Baybutt's claims against the Town that the Town could assign to Baybutt.

## Common Law Indemnity
The doctrine of common law indemnification only applies where "one does not join in the negligent act but is exposed to derivative or vicarious liability for the wrongful act of another." Stewart v. Roy Bros., 358 Mass. 446, 459 (1970). A party is entitled to indemnification, in the absence of a contract to indemnify, only upon proving that the party against whom indemnification is sought engaged in some tortious conduct. Burkert v. Petrol Plus of Naugutuck, Inc., 579 A.2d 26, 31 (Conn. 1990). See also Restatement (Second) of Torts §886B (1979) (common law indemnity available "[i]f two persons are liable in tort to a third person"). Massachusetts courts have applied these principles to personal injury tort actions only. See Nicolaci v. Anapol, 387 F.3d 21, 27 (1st Cir. 2004) (applying Massachusetts law).

## Contribution
A party is only entitled to contribution for tort claims. In Massachusetts, the right of contribution is governed by G. L. c. 231B §1, which states in pertinent part:

> Except as otherwise provided in this chapter, where two or more persons become jointly liable in *tort* for the same injury to person or property, there shall be a right of contribution among them even though judgment has not been recovered against all or any of them.

As such, in determining whether a particular statutory action supports a claim for contribution under G.L.c. 231B, a court must look to whether the underlying claim is in essence a tort claim. Agrawal v. Conlon, 17 Mass. L. Rep.258 at *9 (Mass. Super. Dec. 3, 2003) Citing Thomas v. EDI Specialists, Inc., 437 Mass. 536, 539, 773 N.E.2d 415 (2002). Without liability in tort, there is no claim for contribution. Berube v. Northhampton, 413 Mass. 635, 639 (1992).

A review of the complaint upon which Baybutt would rely for its rights as an assignee shows no such tort claim. Baybutt asserts three counts against the Town: one for breach of

contract, one for a violation of G. L. c. 30 §39F[1] and one for quantum meruit. None of the claims sound in tort. Consequently, it is unlikely that the Town has any contribution or common law indemnity claim to assign[2].

### Express Indemnity

There does not appear to be an assignable claim for express indemnity. A review of the Owner-Architect yields no evidence of an applicable indemnity clause which would apply to the claims asserted in Baybutt's complaint against the Town. The only indemnity provision that appears in the agreement sets forth the following:

1.2.3.9

> The Architect shall defend, indemnify and hold Owner harmless from any claims, costs or expenses on account of *bodily injury or property damage* which are the result of the Architect's negligence in performing this agreement or the Architect's failure to comply with the terms of the Agreement.

(emphasis added). Thus, according to the Agreement, the Town is entitled to indemnity from JSR only from claims of bodily injury or property damage. As such, since the claims against the Town are essentially contract claims involving the loss of money, the Town is not entitled to indemnity from JSR. Consequently, there no express indemnity claim that can be assigned to and enforced by Baybutt.

### Use of "Sham Judgment"

Setting aside the issue of whether the Town has a valid cause of action for contribution or indemnity, the judgment to which the Town has apparently has agreed should have no legal effect. This is because the Town's claim of contribution is inchoate until it has paid more than its fair share as joint tortfeasor. *See Sword & Shield Restaurant, Inc. v. Amoco Oil Co.,* 11 Mass. App. Ct. 832, 833 (1981). Consequently, until the Town has actually paid more than its fair share pursuant to the judgment, it cannot receive contribution from JSR.

### Amendment of the Pleadings

Judge has broad discretion in ruling on motion to amend complaint, but should allow amendment unless there is good reason for denying it. *Hubert v Melrose-Wakefield Hosp. Ass'n* (1996) 40 Mass App 172, 661 NE2d 1347. Unexcused delay in seeking to amend complaint is valid basis for denial of motion to amend. *Libby v Commissioner of Correction* (1982) 385 Mass 421, 432 NE2d 486. The most important factor in determining whether leave of the court should be granted for amendment of pleadings is whether any prejudice will result to the opposing party in granting such a motion. *Budd Co. v United States* (1956, ED Pa) 19 FRD 346, 56-2 USTC P 10068, 50 AFTR 498.

Here, it is unclear under the facts of this case how we could argue that we are prejudiced by the amendment. Assuming the new claims are merely derivative of Baybutt's claims against

---

[1] The basis of the statutory violation is uncertain because c. 30 §39F governs the direct payment rights of *subcontractors*. Here, it is unclear that Baybutt would have standing to assert such a claim given that it was the general contractor.

[2] An appeals court has held that the right of contribution may be assigned to a non-tortfeasor. *Rubenstein v. Royal Ins. Co of America.,* 45 Mass. App. Ct. 244 at *8-10 (1998).

the Town, such claim should not embarrass or surprise JSR. However, to date, I have not had the opportunity to research specifically those cases where a party entered into a settlement agreement and subsequently sought to amend based on an assignment of claims excecuted pursuant to the settlement agreement.

01008148.DOC