UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BAYBUTT CONSTRUCTION CORPORATION,<br>    Plaintiff<br><br>v.<br><br>J. STEWART ROBERTS ASSOCIATES, INC.<br>    Defendant | )<br>)<br>)<br>)<br>)   No. 04-10870-MLW<br>)<br>)<br>)<br>)<br>)<br>) |

**REPLY TO BAYBUTT CONSTRUCTION
CORPORATION'S OPPOSITION TO J. STEWART ROBERTS
ASSOCIATES, INC.'S MOTION FOR SUMMARY JUDGMENT**

J. Stewart Roberts Associates, Inc. ("JSR"), hereby replies to Baybutt Construction Corporation's ("Baybutt") opposition to JSR's motion for summary judgment.[1]

### A.  BAYBUTT'S ARGUMENTS WITH RESPECT TO THE ECONOMIC LOSS DOCTRINE ARE ENTIRELY WITHOUT MERIT

Extensive citation to inapplicable non-binding case law aside, Baybutt's position with respect to the economic loss doctrine boils down to three controvertible arguments, each addressed in turn herein below.

#### 1.  The Economic Loss Doctrine Does Apply to "Service Contracts" in Massachusetts

Baybutt argues that the economic loss doctrine is inappropriate in cases involving "service contracts." However, Baybutt fails to offer any binding authority to support this position and in fact concedes that the economic loss doctrine applies to service contracts in some jurisdictions (See page 7 of Baybutt's Opposition). Although Baybutt stops short of admitting that the economic loss doctrine applies to service contracts in Massachusetts (which would

---

[1] The Court initially determined that all dispositive motions were due by November 13, 2006, oppositions by November 27, 2006, and replies by December 4, 2006 (7 days after the filing of an opposition). JSR filed its Motion for Summary Judgment on November 13, 2006. On November 30, 2006, Plaintiff filed a Motion for Extension of Time, wherein it sought a 17 day extension to file an opposition, and requested a new deadline of December 21, 2006 (which actually amounts to a 24 day extension and not a 17 day extension). Plaintiff's Motion for Extension was granted, and Plaintiff filed its opposition on December 20, 2006. Neither Plaintiff's Motion for Extension nor the Court's order granting the Motion specify a new deadline for filing a reply. However, because the original schedule was predicated upon a 7 day period to file a reply, the new deadline to file a reply should be December 28, 2006 (7 days after the December 21, 2006 deadline to file an opposition).

clearly contradict its position), if it read JSR's Motion for Summary Judgment, it is certainly aware that it does.

Massachusetts courts have repeatedly applied the economic loss doctrine in cases not only involving service contracts, but under circumstances similar to the case at bar. See Prescott v. National Grange Insurance Co., No. 92-3047, slip op. (Worcester Super. Ct. Dec. 1, 1993) (court granted summary judgment to an engineer who allegedly prepared defective plans and specifications that were later used by a general contractor). See also Tasco Construction, Inc. v. Dufrense-Henry, Inc., No. 91-0308-C, slip op. (Middlesex Super. Ct. Feb. 11, 1994) (court allowed summary judgment motion of engineering firm on negligence claims brought by general contractor where contractor could show no property damage or personal injury). Moreover, Baybutt has not and cannot cite to any Massachusetts cases that limit the application of the economic loss doctrine to "non-service contracts."

    **2. Baybutt's Lack of Privity of Contract With JSR Does Not Prohibit the Application of the Economic Loss Doctrine**

Baybutt seems to argue that the economic loss doctrine should not apply in this case because Baybutt allegedly has no meaningful opportunity to secure a contract remedy for its economic losses, and "therefore there is no contract remedy to be undermined by the application of tort principles." (See page 12 of Baybutt's Opposition). Baybutt reasons that it has no contract remedies because it has no privity of contract with JSR, and because "Baybutt had no ability to adjust or negotiate its contract with the Town to provide for recovery of its economic losses flowing from … [JSR's] negligence in design or in contract administration." (See pages 11-12 of Baybutt's Opposition).

This is simply untrue. Baybutt was in direct privity of contract with the Town of Boxford, and had ample opportunity to pursue its contract remedies against the Town (the appropriate defendant) – and in fact has via the Complaint it filed against the Town.

Moreover, contrary to Baybutt's claim, Baybutt had the ability to "adjust and negotiate" its contract with the Town. Specifically, the contract between Baybutt and the Town contains an entire section entitled "Changes in the Work", which allowed for the adjustment of the scope of the contract through change orders, construction change directives, and orders for minor change in work (See Article 7, Exhibit 1 to this Reply). Further, should Baybutt have believed that the changes in work process was insufficient, it was entitled under the terms of the contract to file a claim against the Town (See Section 4.3 Claims and Disputes, Exhibit 1). As noted, Baybutt invoked that right by filing the separate lawsuit against the Town. In short, the cases cited by Baybutt are off-point and involve plaintiffs who, unlike Baybutt, would otherwise not have appropriate avenues of remedy for their losses.

Although Baybutt contracted with the Town, it has chosen to attempt to recover its alleged economic losses from JSR. In doing so, Baybutt has filed a lawsuit (against JSR) that perfectly demonstrates the rationale for the economic loss doctrine in so far as Baybutt had the opportunity to contractually allocate its economic risks, yet has chosen not to fully pursue its contractual remedies.

### 3.    The Misrepresentation Exception Does Not Apply

Baybutt describes for the first time in its Opposition to JSR's Motion for Summary Judgment a claim against JSR for negligent misrepresentation. As preemptively discussed in JSR's Motion for Summary Judgment, Baybutt cannot recover on a negligent misrepresentation claim because it failed to plead this distinct cause of action in its complaint - a point which Baybutt's Opposition fails entirely to address. Even upon having the opportunity to amend its complaint in July of 2006, Baybutt did not allege misrepresentation. Accordingly, Baybutt is barred from recovering under this theory.

3

Assuming, solely for the sake of argument, Baybutt had made a claim for negligent misrepresentation, the claim would still be subject to summary judgment since Baybutt has not made any factual allegations that JSR misrepresented any information. In Morgan v. Fin. Planning Advisors, Inc., 701 F. Supp. 923 (D. Mass. 1988), the court held that claims of negligent misrepresentation could not be sustained without any specific factual basis to support them. Id. Here, Baybutt merely alleged in its Complaint that JSR designed the building inadequately, failed to respond to requests for information, failed to step down as project architect, and improperly denied requests for compensation. These are actions, not "misrepresentations," and do not support a cause of action for misrepresentation.

**B. BAYBUTT INCORRECTLY ASSERTS THAT THE TOWN HAD INDEMNITY RIGHTS TO ASSIGN TO BAYBUTT**

Baybutt focuses its indemnity assignment argument on subparagraphs 1.2.3.6 and 1.3.7.10 of JSR's contract with Baybutt, neither of which contains indemnity language. Subparagraph 1.2.3.6 is merely a description of JSR's architectural job duties. Subparagraph 1.3.7.10 is simply a gratuitous iteration of the obvious fact that JSR is responsible for any defective design or specifications. Had the parties intended these subparagraphs to be indemnity provisions, they would have used the same indemnity language contained in subparagraph 1.2.3.9, which states that "[t]he Architect shall *defend*, *indemnify and hold Owner harmless* from any claims, costs or expenses on account of *bodily injury or property damage* …" (emphasis added).

**C. SPELLMAN IS CLEARLY DISTINGUISHABLE**

Baybutt asserts that Spellman v. Shawmut Woodworking & Supply, Inc., 445 Mass. 675 (2006) supports its position that its judgment against the Town was not a sham. However, there are two glaring differences between Spellman and the case at bar. Firstly, the assignor in Spellman did not admit liability. Spellman at 682. To be certain, the court specifically states

4

that "[b]ecause … [the assignor] did not admit liability in the assignment, there is no risk of any adverse impact to defenses ... [the challenging party] may choose to assert (to the validity of either the indemnification provision or the assigned claims). Id. In this case, unlike Spellman, the assignor (i.e. the Town) "acknowledge[d] and concede[d] liability in the amount of $263,000 … and consent[ed] to entry of judgment against it …" (See page 6 of Exhibit "D" of underlying motion). Unlike Spellman, the assignment in this case creates significant risk of an adverse impact to the defenses of the challenging party (i.e. JSR).

Secondly, unlike this case, the assignor in Spellman had a valid express indemnity claim against the challenging party. Spellman at 676-677. As discussed above and in JSR's underlying Motion, the Town did not have the right to pursue an indemnity claim against JSR because JSR gave no such right in its contract with the Town.

### D. BAYBUTT EFFECTIVELY CONCEDES THAT ITS CLAIMS WITH RESPECT TO THE CORNICE CONNECTIONS VIOLATE THE STATUTE OF LIMITATIONS

In its Opposition, Baybutt concedes the fact that its claim for improperly designed cornice connections arose more than three years prior to its filing the amended complaint (See pages 22-23 of opposition). Hence, Baybutt's cornice connections claims clearly violate the applicable three year statute of limitations. Baybutt attempts to circumvent this conclusion by arguing that JSR somehow caused the delay by rejecting Baybutt's proposed change order. JSR merely recommended the rejection of Baybutt's proposed method and cost for fixing the cornices. In no way did JSR's recommendation limit or prevent Baybutt from pursuing a claim with respect to the cornices pursuant to its contract with the Town. JSR's action also most certainly did not impact Baybutt or the Town's knowledge of the alleged harm – the trigger for the start of the limitations period. Therefore, Baybutt's argument must fail.

        Respectfully submitted,

        J. STEWART ROBERTS ASSOCIATES, INC.,
        By its attorneys,

        */S/ Christian G. Samito*
        David J. Hatem, BBO No. 225700
        Jeffrey L. Alitz, BBO No. 553741
        Christian G. Samito, BBO No. 639825
        DONOVAN HATEM LLP
        Two Seaport Lane, 8th Floor
        Boston, MA  02110
        (617) 406-4500

Dated:  December 28, 2006

## CERTIFICATE OF SERVICE

I, Christian G. Samito, hereby certify that on this 28th of December, 2006,

I served the foregoing electronically and by first class mail, postage prepaid, to:

    Frank P. Spinella, Jr.
    HALL, MORSE, ANDERSON,
    MILLER & SPINELLA, PC.
    14 Centre Street
    P.O. Box 2289
    Concord, NH  03302-2289

        */S/ Christian G. Samito*

01057457 (2500.1958)