UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BAYBUTT CONSTRUCTION CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.  04-10870-LTS |
| ) | |
| J. STEWART ROBERTS ASSOC., INC. ) | |
| ) | |
| Defendant . ) | |

MEMORANDUM AND ORDER
ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

February 5, 2007

SOROKIN, M.J.

Pending is Defendant J. Stewart Roberts Assoc., Inc.'s (JSR's) Motion for Summary Judgment (Docket #36).  For the following reasons, the motion is ALLOWED IN PART and DENIED IN PART.

FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiff, Baybutt Construction Corporation, is a general contractor which in 2002 entered into a written construction contract with the Town of Boxford, Massachusetts, to build a new Boxford Town Hall.  Docket #1 at ¶4.  JSR and the Town had previously entered into a standard American Institute of Architects contract whereby JSR agreed to provide architectural services to the Town for the Town Hall project.  Docket #37-1, at ¶1; Docket #40-1 at 1.  There was no contract between JSR and Baybutt.  Docket #37-1, at ¶1; Docket #40-1 at 1.

Baybutt's contract with the Town designated JSR as the contract administrator, responsible for directing changes, interpreting plans and specifications, and approving payment requisitions, change order requests and requests for extensions of time.  Docket #1 at ¶5; Docket #37-3, at 19 ff.

On April 30, 2004, Baybutt brought suit against JSR alleging negligence (both in the design of the project and in the project's administration), interference with contractual relations, and violation of G.L. c. 93A.  Docket #1, at 4-7.  Baybutt alleged that design deficiencies and JSR's failure to properly administer the contract resulted in extra costs to Baybutt and a failure on the part of the Town both to pay Baybutt and to approve change orders and time extensions Baybutt had sought.  Id.

Baybutt also sued the Town.  The June, 2006, settlement of that suit included an assignment by the Town to Baybutt of its claims against JSR. Docket #37-1, at ¶4; Docket #40-1 at 1 Docket #37-5.  Judgment entered in that case in which the Town incurred liability to Baybutt in the amount of $263,000.00.  Docket #37-5, at 1-2.  The Settlement Agreement provides that the Town has no further liability to Baybutt on account of the judgment and that Baybutt accepts the assignment in lieu of enforcement of the judgment. Id., at 2-3.  In neither action did Baybutt assert damages arising from personal injuries or damage to property.  #37-1, at ¶6; Docket #40-1 at 1.  On August 2, 2006, Baybutt Amended its Complaint in this action to add a count for Breach of Assigned Contract, asserting that it stands in the shoes of the Town for damages arising from deficiencies in the design. Docket #32.

JSR moves for summary judgment on all counts of the Amended Complaint pursuant to Fed. R. Civ. P. 56, arguing that there are no genuine disputes as to material facts and that it is

2

entitled to judgment as a matter of law.  It argues: (1) that the claims are barred because Baybutt has no privity of contract with JSR and recovery of purely economic damages in tort is barred by the so-called "economic loss doctrine"; (2) that Baybutt's claims against the Town did not give rise to any valid derivative rights which could be assigned by the Town to Baybutt; (3) that the Amended Complaint's new claim for breach of assigned contract is invalid because it is based upon a 'sham' judgment; and, (4) that that claim is merely a disguised negligence claim, and barred by the applicable statute of limitations.[1]  Docket #37-1.

Baybutt responds *inter alia* that (1) the economic loss doctrine is not applicable, or alternatively, that it is subject in this case to the exception for claims of misrepresentation; (2) that the contract between the Town and JSR did contain indemnity rights assignable to Baybutt; (3) that such an assignment is entirely proper; and (4) that the breach of assignment claim is a contract claim subject to a six-year statute of limitations.  Docket # 40-1.

## DISCUSSION

Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rogan v. City of Boston, 267 F.3d 24, 26 (1st Cir.2001), citing Fed. R. Civ. P.  56(c).  Once a party has properly supported its motion for summary judgment, the burden shifts to the

---

[1] In its motion, JSR also seeks dismissal of the count brought pursuant to G.L. c. 30, §39J.  Baybutt has not opposed dismissal of this count.

non moving party, who "may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing there is a genuine issue for trial.'" Barbour v. Dynamics Research Corp., 63 F.3d 32, 37 (1st Cir.1995), quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  Moreover, the Court is "obliged to view the record in the light most favorable to the nonmoving party, and to draw all reasonable inferences in the nonmoving party's favor." LeBlanc v. Great American Ins. Co., 6 F.3d 836, 841 (1st Cir. 1993).

Tort Claims

JSR argues that because Baybutt seeks purely economic damages, the claim is barred under Massachusetts law by the so-called economic loss doctrine, which prohibits recovery for purely economic loss in claims grounded in tort where there is no privity of contract.  Docket #37-1, at 6 ff., citing *inter alia* Bay State-Spray & Provincetown S.S., Inc. v. Caterpillar Tractor Co., 404 Mass. 103, 107 (1989); FMR Corp v. Boston Edison Co., 415 Mass. 393 (1993).  Citing numerous cases from other jurisdictions, Baybutt argues for limiting the application of the economic loss doctrine to the products liability sphere, or alternatively for limiting its application to cases in which the plaintiff is in privity of contract.  Docket #40-1, at 3-12.  While Baybutt's analysis is not without merit, a federal court sitting in diversity jurisdiction nevertheless applies the law of the forum state as expressed by its legislature or by its highest court, and is not free to exercise its independent judgment to discern and apply a general common law.  See Erie R.Co. v. Tomkins, 304 U.S. 64, 78-79 (1938); Baena v. KPMG, LLP, 453 F.3d 1, 8 (1st Cir.2006)("It is not our job to make new law for Massachusetts . . . such alterations, if deemed wise, are for the state courts").  Litigants who reject a state forum in order to bring suit in federal court under diversity jurisdiction cannot expect that new trails will be blazed.  Jordan v. Hawker Dayton

4

Corp., 62 F.3d 29, 32 (1st Cir.1995) citing, Ryan v. Royal Insurance Company of America, 916 F.2d 731, 744 (1st Cir.1990).

It is clear that in Massachusetts, ". . . purely economic losses are unrecoverable in tort and strict liability actions in the absence of personal injury or property damage." FMR Corp. v. Boston Edison Co., 415 Mass. 393, 395 (1993). In Herbert A. Sullivan, Inc. v. Utica Mut. Ins. Co., 439 Mass. 387 (2003) the Supreme Judicial Court reaffirmed the holding of FMR, noting that it was the long-standing rule in the Commonwealth and in accord with the majority of jurisdictions. Sullivan, 439 Mass. at 413, citing FMR, 415 Mass. at 395.

In the only Massachusetts case cited by Baybutt in the course of arguing against application of the doctrine, the Supreme Judicial Court declined to apply the doctrine to a claim of negligence by a fiduciary, noting that when the doctrine has applied, "the parties usually were in a position to bargain freely concerning the allocation of risk, and, more importantly, there was no fiduciary relationship." Clark v. Rowe, 428 Mass. 339, 342 (1998). (emphasis added). Baybutt argues that it was not in a position to bargain freely to allocate risk because (1) it had no contract with JSR, and (2) it had no ability to negotiate its contract with the Town to provide for recovery of economic losses flowing from JSR's fault. Docket #40-1, at 10-12. The latter contention is far from apparent on the record before this Court. In any event, this case does not involve a fiduciary, which was the primary reason for the state court's decision not to apply the doctrine in that case.

If Baybutt is to recover on its tort-based claims, then, those claims must fall within a recognized exception to the economic loss doctrine. Baybutt argues for application of the exception recognized by Massachusetts law for claims based upon misrepresentation. Baybutt

has not brought a claim for negligent misrepresentation in this case, but argues that the furnishing of a defective design (which it has alleged) is necessarily a misrepresentation warranting application of the exception.  Docket #40-1, at 13-16.

Again, it is Massachusetts law which determines the permissible parameters of the exception.  Erie, 304 U.S. 64 at 78-79, and cases cited supra.  In Nota Constr. Corp. v. Keyes Assoc., 45 Mass.App.Ct. 15 (1998), the Court held that a design professional was not exempt from liability for negligent misrepresentation where there is not privity of contract.  Nota, 45 Mass.App.Ct. at 21, citing Craig v. Everett M. Brooks Co., 451 Mass 497, 501 (1967).  The fact that Baybutt has not brought a claim labeled as negligent misrepresentation does not necessarily end our inquiry, should analysis of the claims reveal that they are negligent misrepresentation claims in substance.  See, e.g. Craig, 451 Mass at 499.  The elements of negligent misrepresentation, as delineated by the Nota court, are that the defendant: (1) in the course of his business, (2) supplies false information for the guidance of others (3) in their business transactions, (4) causing and resulting in pecuniary loss to those others (5) by their justifiable reliance upon the information, and (6) with failure to exercise reasonable care or competence in obtaining or communicating the information. Nota, 45 Mass.App.Ct. at 19-20.    Baybutt has not alleged that JSR supplied false information or made a misrepresentation of a material fact.  It has merely alleged that the designs provided to the town were deficient.  Docket #1, at ¶¶ 18-21.  In Nota, the court found that the plaintiff's assertion that the defendant "knowingly and intentionally misstated the location and depth of the ledge in the septic system area" was a sufficient basis for liability because it was a statement of fact susceptible of actual knowledge and concerning which the defendant had superior knowledge.  Id., at 18.  There is no comparable

misstatement alleged by Baybutt. The Court is likewise not persuaded by Baybutt's argument that because as a matter of contract law, the provision of plans constitutes an implied warranty as to their sufficiency, that any claim concerning insufficiency of plans is necessarily within the negligent misrepresentation exception to the economic loss doctrine applied in tort cases.

Accordingly, because under Massachusetts law, purely economic losses are unrecoverable in tort and strict liability actions in the absence of personal injury or property damage, JSR's motion is ALLOWED with respect to Count I (Negligence in Design), Count II (Negligence in Contract Administration) and Count V (violation of G.L. c. 93A).

One of Baybutt's claims, however, stands on a different footing. Although Count IV, claiming intentional interference with contractual relations, is a tort claim for purely economic damages, this Court nevertheless cannot conclude that the Supreme Judicial Court intended, via the FMR or Sullivan decisions discussed supra (which applied the economic loss doctrine), to eliminate this cause of action. It is clear that Massachusetts Supreme Judicial Court considers intentional interference with contractual relations to be a viable tort claim, even though recovery of purely economic damages is the goal in nearly every such case. See Blackstone v. Cashman, 448 Mass. 255, 269-270 (2007); Ayash v. Dana-Farber Cancer Institute, 443 Mass. 367, 394, 395 (2005). Accordingly, the motion is DENIED as to Count IV.

Assigned Breach of Contract Claim

Count VI of the Amended Complaint is for breach of assigned contract. It alleges that JSR failed to provide an adequate design, in breach of its contract with the Town, causing the Town to incur liability to Baybutt, which culminated in the judgment for $263,000.00. Docket #32 at ¶¶ 40-44. It also alleges that the contract between Baybutt and JSR obligated JSR to

indemnify Baybutt for any claims, costs or expenses associated with these damages. Id., at ¶ 45.

JSR moves to dismiss this claim on several grounds. First, it argues that the contract between it and the Town contained no express indemnity provision, and there is no common law indemnity available in this situation. Next, it argues that the assignment should be set aside as barred by the terms of the contract and as fraudulent. Finally, it argues that the claim, although couched as a contract claim, is a disguised negligence claim barred by the applicable three-year statute of limitations.

Baybutt argues that Subparagraph 1.3.7.10 (an addendum to the Owner-Architect Agreement) contains an indemnity provision. It provides in relevant part:

> Any defective designs or specifications furnished by the Architect shall be promptly corrected by the Architect at no cost to the Owner, and the Architect will promptly reimburse the Owner for all damages, if any, resulting from the use of such defective designs or specifications. Docket #37-3, at 29.

JSR argues that this provision is "merely a gratuitous iteration of the obvious fact that JSR is responsible for any defective design or specifications." Docket # 41-6, at 4. It also points to Subparagraph 1.2.3.9 of the same addendum, which is a clear indemnity provision providing that JSR would "defend, indemnify and hold [the Town] harmless" against "claims, costs or expenses" arising from bodily injury or property damage. Docket #37-3, at 28.

Under Massachusetts law, a contract-based right to indemnification exists only if there is a binding contract between indemnitor and indemnitee in which such right is expressed or from which it can be fairly implied. Kelly v. Dimeo, Inc., 31 Mass.App.Ct. 626 , 628 (1991) citing Liberty Mut. Ins. Co. v. Westerlind, 374 Mass. 524, 526-527 (1978). A

On the one hand, the Town and JSR used specific indemnity language in Subparagraph 1.2.3.9 to establish the parameters of JSR's duty to indemnify in the case of bodily injury and property damage, and this fact suggests the possibility the parties wished to exclude other categories of damage from indemnification. On the other hand, a construction of a contract which gives a reasonable meaning to all of its provisions is to be preferred to one which leaves one part useless or inexplicable. Estes v. DeMello, 61 Mass.App.Ct. 638, 641-642 (2004); Sherman v. Employers' Liab. Assurance Corp., 343 Mass. 354, 357(1961). Massachusetts law is clear that "a contract should be construed in such a way that no word or phrase is made meaningless by interpreting another word or phrase." Lexington Ins. Co. v. All Regions Chem. Labs, Inc., 419 Mass. 712 (1995). See also, FDIC v. Singh, 977 F.2d 18, 22 (1st Cir.1992) (applying Massachusetts law) ( "It is a canon of construction that every word and phrase of an instrument is if possible to be given meaning, and none is to be rejected as surplusage if any other course is rationally possible.") (quoting Tupper v. Hancock, 319 Mass. 105, 108-109 (1946)). The reading of Subparagraph 1.3.7.10 urged by JSR would render meaningless the phrase "for all damages, if any, resulting from the use of such defective designs or specifications" (emphasis added). This Court therefore finds Subparagraph 1.3.7.10 constitutes indemnity language whereby JSR agreed to reimburse the Town for its damages arising from defective designs or specifications.[2]

JSR next argues that Count VI is barred because the Town's assignment of its interests under its contract with Baybutt is in violation of Section 1.3.7.5 of the contract between the

---

[2] Although correct, JSR's argument that there is no common law indemnity in this circumstance, is rendered moot by this finding.

Town and JSR, which provides that "[n]othing contained in this Agreement shall create a contractual relationship with or a cause of action in favor of a third party against either the Owner or Architect." Docket #37-3, at 9. The argument is unpersuasive, as it is not the contract between JSR and the Town which Count VI of the Amended Complaint[3] alleges to create such a cause of action, but rather the Settlement Agreement between the Town and Baybutt. Docket #37-5. The provision JSR cites means that the contract, standing alone, confers no rights in others, such as a third-party beneficiary. It is not an anti-assignment provision, nor does JSR cite to such a provision.

JSR further argues that pursuant to the terms of that Settlement Agreement, Baybutt has no remaining right to pursue the Town in order to satisfy the amount of the judgment, and so has no reason to dispute the amount. The judgment, it argues, therefore does not legitimately represent the Town's liability to Baybutt, and Count VI should be dismissed because it is based upon a fraudulent assignment of rights. Docket #37-1, at 14-15. JSR distinguishes Spellman v. Shawmut Woodworking & Supply, Inc., 445 Mass. 675 (2006), upholding a similar assignment, on the basis of this admission of liability.[4] Docket #41-6, at 4-5. This concern is unwarranted because Baybutt has conceded in its filings and at argument (as it must in light of Spellman) that despite the existence of this judgment, it nevertheless bears the burden of proving at trial both the

---

[3] The term "Amended Complaint" as used herein refers to the combination of Docket #1 (the original Complaint, paragraphs 1-38) and Docket #32 (Count VI, paragraphs 39-46), because the Plaintiff has never filed a single document entitled "Amended Complaint" encompassing both.

[4] JSR also distinguishes Spellman because in Spellman, there was an express indemnity provision, which is argues is not the case in the contract between it and the Town. The Court's finding that there was such a provision, supra, renders this argument moot.

Town's liability and the Town's damages.  See, Docket #40-1, at 20-21.  The assignment is valid.

Finally, the Court finds that Count VI is by its plain terms a breach of contract claim, validly assigned to Baybutt by the Town.   G.L. c. 260, § 2 establishes a six-year statute of limitations for contracts claims.

For the foregoing reasons, the Motion is DENIED with respect to Count VI.

## CONCLUSION

For the foregoing reasons, JSR's Motion for Summary Judgment (Docket #36) is ALLOWED IN PART and DENIED IN PART.  The Motion is ALLOWED with respect to Counts I, II, and V.   The Motion is DENIED with respect to Counts IV and VI.

The Motion is also ALLOWED as to Count III, the dismissal of which Baybutt has not opposed.

                                              /s / Leo T. Sorokin
                                              UNITED STATES MAGISTRATE JUDGE